IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS                                                              PLAINTIFF

            v.                         Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
GEORGE JEFFREY; MARK LOTTA;
DR. THERESA FARROW; DR.
DONALD CLAY; and SHELIA M.
HOWERTON
                                                                 DEFENDANTS

## O R D E R

On November 14, 2006, an order (Doc. 69) was entered ruling on a motion to strike, or alternative objection to, interrogatories that was filed on behalf of the Carroll County Defendants (Doc. 65). The motion was in part based on the fact that the plaintiff had exceeded the number of interrogatories allowed by the Federal Rules of Civil Procedure.

The motion to strike was granted. The court ruled that Defendants Medford, Lott, and Reely were not required to respond to the interrogatories served on them by the plaintiff. Instead, plaintiff was directed to either submit a new set of interrogatories to Defendants Medford, Lott, and Reely not exceeding twenty-five in number, including all discrete sub-parts, or identify for Defendants Medford, Lott, and Reely, the twenty-five interrogatories of those he has propounded he desires Defendants Medford, Lott, and Reely, to respond to. In doing so, plaintiff was reminded that he had already propounded 9 interrogatories to the defendants and they had responded to those interrogatories.

Plaintiff has now filed a "response to the motion to strike." The response was filed as a motion asking the court to reconsider the order granting the motion to strike.

-1-

Plaintiff maintains the defendants' objection to the number of interrogatories was not made in a timely manner. Further, he asks the court to exercise its discretion and allow him to propound more than twenty-five interrogatories. With respect to the interrogatories posed to non-parties, plaintiff asserts that "[i]n document number 20 page 9 of ten, the plaintiff named 'all other officers employed by the Carroll County jail, including the dispatchers and jailers.'"

The request for reconsideration is denied. While the court certainly has the discretion to allow additional interrogatories to be propounded, this is the exception rather than the rule. The Federal Rules of Civil Procedure establish the limit on interrogatories to ensure discovery is not abused.

With respect to Jody Suchland, Debbie Davis, Rob McGee, Ralph Gordon, Dave Henderson, Brandon Doe, and Amanda Doe, as the court previously pointed out, these individuals are not named defendants in this case. These individuals were not included in the court's order allowing the plaintiff to add defendants (Doc. 23) nor did the court's order of service direct service on these individuals (Doc. 24). Further, plaintiff's proposed amended complaints submitted with his motions to amend (Doc. 17 & Doc. 20) contained no substantive allegations against these individuals.

The plaintiff may not merely name all officers employed by the jail as defendants. Instead, if he desires to add specific individuals as defendants, he must file a motion to add the individuals as defendants and include in the motion a short statement of how he believes the proposed defendant violated the plaintiff's federal constitutional rights. The court will then rule by written order whether the individuals can be added to the lawsuit or not.

IT IS SO ORDERED this 5th day of December 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)