IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS                                                                               PLAINTIFF

v.                                     Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
MARK LOTTA; DR. THERESA FARROW;
DR. DONALD CLAY; SHELIA M.
HOWERTON; and REGINA FOX JEFFREY                                           DEFENDANTS

## O R D E R

Currently before the court are the following motions: (1) the motion to strike the second sets of interrogatories propounded to separate defendants Dr. Theresa Farrow and Dr. Donald Clay (Doc. 76); and (2) plaintiff's motion to amend the complaint by adding further defendants (Doc. 80).

In the motion to strike (Doc. 76), Dr. Farrow and Dr. Clay state that both have previously provided the plaintiff with answers to sets of interrogatories consisting of twenty-five interrogatories in each set. Defendants assert the answers to the interrogatories were served on the plaintiff on or about November 15, 2006. On November 21, 2006, each defendant states they received a second set of interrogatories. Dr. Farrow indicates her set contained an additional twenty-five questions. Dr. Clay indicates the set he received contains an additional sixteen questions.

Defendants point out Rule 33(a) of the Federal Rules of Civil Procedure preclude a party from serving written interrogatories exceeding twenty-five in number including all discrete sub-

-1-

parts unless leave of the court is first obtained. Even if the plaintiff were to seek permission from the court, defendants maintain there is simply no basis to allow him to serve additional interrogatories. Defendants maintain the second set of interrogatories is essentially cumulative or duplicative of the first set or the information sought is obtainable from other sources.

The motion to strike (Doc. 76) is granted. Plaintiff has not sought, or been granted, leave of the court to exceed the limitation on interrogatories set forth in Rule 33(a) of the Federal Rules of Civil Procedure. The limitation is clear. A party may not propound more that twenty-five interrogatories to a party.

On December 14, 2006, the plaintiff filed a motion to amend the complaint by adding further defendants (Doc. 80). He asks to add "every individual officer, jailor, matron, dispatcher, and investigator that was employed by the Carroll County Sheriffs Department between 1 January, 2003 and 30 September, 2005." *Id.* at page 1. Plaintiff alleges that every matron, jailer, dispatcher, and investigator were "directly and indirectly" involved in the alleged incidents "by direct involvement, direct non-involvement and by acquiescence." *Id.* at page 2. Plaintiff asks that defendants' counsel be directed to provide the full names of each of these individuals. *Id.* at pages 1-2. Plaintiff further identifies by name the following individuals: Sgt. Rob. McGee, Sgt. Walt Nofstger, Sgt. Michael Brown, Jody Suchland, Debbie Davis, Portia Hill, Sam Dunn, Jacob Hatenhauer, Detective Ralph Gordon, Dispatcher Amanda, Dispatcher Lisa, Dispatcher Wintercorn, and Officer Brandon. *Id.* at ¶ 2.

This case was filed on July 27, 2005. The complaint concern incidents that occurred in late 2004 through July of 2005. Plaintiff has filed several supplements to his complaint (Doc. 6, Doc. 8, Doc. 10), was granted leave to amend his complaint (Doc. 23), has engaged in

discovery, and has filed numerous motions (*see e.g.,* Doc. 47 motion for default judgment, Doc. 54 motion to compel, Doc. 60 motion for preliminary injunction).

Plaintiff sought leave previously to add various defendants. For instance, he sought leave to add, Dr. Farrow, Dr. Clay, and Sheila Howerton as defendants. The court's order allowing the plaintiff to add Dr. Farrow, Dr. Clay, and Sheila Howerton as defendants (Doc. 23) did not include any of the individuals he now seeks to add as defendants nor did the court's order of service direct service on these individuals (Doc. 24).

The plaintiff's motion to amend his complaint to add defendants (Doc. 80) is denied. First, this case has been pending for a substantial period of time. For all parties concerned, this case needs to move forward to a resolution. Second, the court believes the case has simply progressed too far to add multiple defendants at this point. The parties have engaged in discovery and the defendants have been directed to file a summary judgment motion by January 14, 2007. Third, the plaintiff seeks to indiscriminately add as defendants all those employed at the Carroll County Sheriff's Department from January 1, 2003, until September 30, 2005. Many of the individuals employed by the Sheriff's Department undoubtedly had no contact at all with the jail or the plaintiff.

IT IS SO ORDERED this 8th day of January 2007.

/s/ *J. Marschewski*
    HON. JAMES R. MARSCHEWSKI
    UNITED STATES MAGISTRATE JUDGE