IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS                                                                PLAINTIFF

                v.                      Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
MARK LOTTA; DR. THERESA FARROW;
DR. DONALD CLAY; SHELIA M.
HOWERTON; and REGINA FOX JEFFREY                         DEFENDANTS

**O R D E R**

On January 8, 2007, the plaintiff filed a motion to recuse United States Magistrate Judge Beverly Stites Jones (Doc. 82). We find the motion to recuse has no merit. First, the motion has been mooted by the retirement of United States Magistrate Judge Jones. By virtue of her retirement effective on January 2, 2007, Magistrate Jones is no longer assigned to this case.

Second, and perhaps more importantly, there is simply no basis for the recusal motion under the law. Recusal motions are generally filed under 28 U.S.C. § 455 or 28 U.S.C. § 144. In *Gilbert v. Little Rock*, 722 F.2d 1390 (8th Cir. 1983), the Eighth Circuit noted that:

> The standard for determining the appearance or fact of particular grounds for recusal or disqualification of a trial judge is the same under both statutes. A judge is to take into consideration all circumstances both public and private and determine if a reasonable, uninvolved observer would question the judge's impartiality. A recusal or disqualification motion is committed to the sound discretion of the trial judge and the standard of review on appeal is whether the judge abused his or her discretion.

*Id.* at 1399 (citations omitted).

AO72A
(Rev. 8/82)

The gist of plaintiff's argument is that Magistrate Jones' adverse rulings demonstrate partiality towards the defendants. "Adverse judicial rulings, however, 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal." *Dossett v. First State Bank*, 399 F.3d 940, 952 (8th Cir. 2005)(*quoting Liteky v. United States*, 510 U.S. 540, 555, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994)). There is "no basis in the record to conclude that [Magistrate Jones] showed 'a deep-seated favoritism or antagonism that would make fair judgment impossible.'" *Dossett*, 399 F.3d at 952 (*quoting Liteky*, 510 U.S. at 555).

For the reasons stated, the motion to recuse (Doc. 82) is denied.

IT IS SO ORDERED this 17th day of January 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)