IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS                                          PLAINTIFF

v.                      Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
MARK LOTTA; DR. THERESA FARROW;
DR. DONALD CLAY; SHELIA M.
HOWERTON; and REGINA FOX JEFFREY           DEFENDANTS

**O R D E R**

Currently before the court are the following motions: (1) the plaintiff's motion to compel (Doc. 83); and (2) the plaintiff's motion for an emergency evidentiary hearing (Doc. 97).

In the motion to compel, plaintiff first states defendants have indicated there were only four lawsuits filed by inmates of the Carroll County Detention Center between January of 2003 and September of 2005. Plaintiff asks the court to direct defendants to provide a statement indicating their response is true and correct.

The request is denied. The discovery responses are signed by counsel for defendants as an officer of the court. Rule 37 of the Federal Rules of Civil Procedure provides a variety of sanctions that may be applied for failure of a party to disclose in response to discovery requests. In this case, plaintiff merely suspects the defendants may not have fully disclosed all lawsuits filed in state and federal court. Without some reason to believe the defendants have failed without substantial justification to disclose the required information, the court will not at this point impose sanctions on the defendants.

Next, plaintiff moves to compel responses to various requests for production os documents. The requests at issue were propounded to the Carroll County defendants, Sheriff Chuck Medford, Lt. Beth Reely, Jimmy Keeland, Michael Brown, Pete Moss, Jack Gentry, Sheila Howerton, and Mark Lott. Request for production number four and the response thereto provide as follows:

> Request for Production No. 4: The schedule for all employee working hours between Jan. 2003 and Sept. 2005.
>
> Response: Objection. The request is overly broad and the burden of production outweighs the probative value of the information sought. The schedule is not relevant to any of Plaintiff's claims. Further, without waiving said objection, the Defendants do not maintain employee schedules nearly four years after the schedule was relevant. A reference to time sheets for the requested period of time would require in excess of 2500 copies due to the number of employees and the frequency in which the time sheets are turned in.

Plaintiff contends his constitutional rights were violated by the conditions under which he was incarcerated at the Carroll County Detention Center (CCDC), by his placement in a restraint chair, and by defendants' failure to provide him with adequate medical care. Defendants were previously instructed, among other things, to provide the plaintiff with a copy of all medical records, including medication records, contained in the plaintiff's jail or medical file, a copy of all grievances and medical requests submitted by the plaintiff and responses thereto, and any incident reports dealing with the plaintiff (Doc. 64).

Plaintiff contends he needs the schedule for all employees to show that the facility was understaffed and the employees that were there were poorly trained. If the court will not compel the production of the employee schedule, plaintiff asks that he be provided with a statement indicating that the jail was appropriately staffed with properly trained jailers and matrons for every day of the one thousand and twelve days he was incarcerated at that facility.

As defendants have indicated that the employee working schedules no longer exist for the time frame plaintiff has requested, the court cannot compel the production of those documents. However, the defendants are instructed to provide the plaintiff with information, by affidavit or other appropriate means, for each month during this time period stating approximately how many jailers or officers (female or male) worked within the detention facility on a given shift and how many shifts there were per day.

Plaintiff next requests the court to compel defendants to produce the information sought in request number five. This request and the defendants' response provides:

> Request for Production No. 5: The background investigation form for all employees hired by the sheriff['s] office between Jan 2003 and Sept. 2005. Please include defendants Beth Reely, Mark Lott, Michael Brown, Jimmy Keeland, Rob McGee, Pete Moss, Jody Suchland, Debbie Davis, Dave Henderson, Walt Nofstger, Ralph Gordon, and Chuck Medford who may have been hired before January, 2003.
>
> Response: A sample background sheet is attached. However, Defendants object to the request for employee background checks. The request is overly broad and unduly burdensome. The request encompasses employees who have not been named Defendants herein. Further, Defendant objects to the release of the personnel file of any employee as the same includes information which is not subject to disclosure. Finally, the information requested is not calculated to lead to discoverable or admissible evidence in this matter.

Plaintiff contends he needs the requested information because he has alleged the defendants were not trained, were incompetent, and abusive. He maintains the background check includes questions that are relevant to his claims.

Plaintiff has not provided the court with the sample background sheet that was produced to him. The court therefore cannot determine whether it indeed contends questions that are relevant to the claims he is asserting in this case. Defendants are however directed to produce

AO72A
(Rev. 8/82)

any portion of the background check for each of the named Carroll County defendants that indicates whether the named defendants have ever been charged with, or accused of, abuse of a detainee, or the use of excessive physical force against a detainee. If no background check of a named defendant contains such information, plaintiff should be so informed.

> Request for production six and the response to it provides:
>
> Request for Production No. 6: The [personnel] file of every employee, jailer, dispatcher, matron and booking officer who worked for the sheriff's office between Jan. 2003 and Sept. 2005. These files include records of health exams, [certifications] of successful completion of the Arkansas Law Enforcement Academy (or the Arkansas Department of Corrections). All data relative to the training, health, and job qualifications, any and all waivers allowing officers to work alone before the proscribed fifteen (15) day on the job training and orientation obligation has been met. Include annual reviews.
>
> Response. See response to previous Request for Production. Defendants further object to the provision of any materials protected by HIPPA ("Health Information Patient Privacy Act") or any other federal or state law.

Plaintiff maintains he needs the personnel files of the named defendants as these files will contain the training records of each defendant and letters of reprimand and complaints. Plaintiff maintains there will also be further discoverable information in the files.

The court agrees the request as written is too broad. Moreover, the court declines to order the production of the personnel files of the defendants. As noted by the defendants, there are privacy issues with respect to the production of the medical records as well as various other personnel documents. However, defendants are directed to provide plaintiff with information regarding the training of each of the named Carroll County defendants including the dates on which each defendant completed the Arkansas Law Enforcement Academy. Additionally, as noted above, plaintiff should be provided with any information on whether the named defendants

have every been charged with, or accused of, formally or informally, abuse of a detainee, or the use of excessive physical force against a detainee.

Plaintiff next asks the court to compel defendants to provide the documents sought in request number eight. This request and the response provide as follows:

> Request for Production No. 8: The jail log which provides accurate facility population records, records of housing assignments, classification of offense, intake medical screening report, characteristic and demographic data of arrestees and known or stated illness.
>
> Response. Objection. The request is vague and broadly stated. The "jail log" maintained by the Defendants is a document which records daily activities at the jail from times of intake of prisoner, the times the meals were fed, jail checks, etc. Plaintiff fails to identify any period of time for this request, making it impossible for Defendant to comply. Further, the request appears to seek information which would not be maintained as part of the jail log.

Plaintiff indicates he needs the jail log to establish when he was on suicide watch, the length of time he was in the restraint chair on various dates, the conditions he was incarcerated under including not being allowed to shower for weeks at a time, etc. Defendants are directed to produce the jail log.

The court agrees that as written the request contains no time frame. However, the request will be deemed to be limited to the jail log for the period of time from January of 2003 to September of 2005 when plaintiff was incarcerated at the CCDC.

The next request at issue is request number thirty-eight. This request and the response to it provide as follows:

> Request for Production No. 38: List of full names of every jailer, matron, and dispatcher.

> Response. Objection. Request is overly broad and unduly burdensome. Further, Plaintiff requests information which is protected by state or federal law or which is not relevant to Plaintiff's claims.

Plaintiff maintains this information is imperative to his case. Further, he contends there is no state or federal law protecting their names from disclosure.

From the defendants' response, the court has no idea how many people are employed at the CCDC. In his motion to compel, plaintiff has indicated his request is limited to those employed at the jail between January of 2003 and September of 2005.

The discovery rules are to be given a broad, liberal interpretation. *See e.g., Edgar v. Finley*, 312 F.2d 533 (8th Cir. 1963). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

The court believes the information is discoverable. Defendants are directed to produce the information sought for the time period between January of 2003 and September of 2005. The court notes that the defendants have not cited any law that protects from disclosure the names of individuals employed by a given entity.

The final request for production at issue is request thirty-nine. This request and the response to it provides as follows:

> Request for Production 39: The audio visual interview of prisoner James Vick describing the abuse, neglect, and torture officers forced on inmates. This was taped on or about 29 Dec. 2003 by investigator Ralph Gordon.
>
> Response: The tape is being reproduced by an outside source and will be forwarded to Plaintiff when the copying of the same if complete.

Plaintiff states it has been three months and he still has not received the video-tape. He asks the court to direct the defendants to produce the tape.

The court notes the certificate of service on the defendants' responses to the requests for production is dated December 7, 2006. The motion to compel was filed on January 11, 2007. Defendants are instructed to check on the status of the reproduction of the tape and inform the plaintiff of the date he can expect to receive the tape.

On February 1, 2007, the plaintiff filed an emergency motion for an evidentiary hearing (Doc. 97). On that same date, separate defendants Dr. Theresa Farrow and Dr. Donald Clay filed a response to the motion (Doc. 98).

In the motion, plaintiff states Dr. Farrow and Dr. Clay have refused to respond to his second set of interrogatories. Plaintiff also states their counsel is asking for an additional thirty days to respond to requests for the production of documents. Plaintiff contends an emergency situation exists that calls for the court's intervention.

In their response, Dr. Farrow and Dr. Clay correctly point out that a court order was entered on January 8, 2007, striking the second set of interrogatories (Doc. 81). Dr. Farrow and Dr. Clay therefore have no obligation to respond to the second set of interrogatories.

With respect to the production of documents, defendants state they have produced all medical and other records that can be located that are responsive to the plaintiff's request. Furthermore, in response to a letter request from the plaintiff, defendants state they mailed to plaintiff copies of letters plaintiff had mailed to Dr. Clay. Defendants state they have no additional documents responsive either to plaintiff's formal discovery or to his informal correspondence.

AO72A
(Rev. 8/82)

The court cannot compel the production of documents that do not exist. The court sees no reason for an evidentiary hearing to be scheduled on this motion.

For the reasons stated, the motion to compel (Doc. 83) is granted in part and denied in part as set forth above. **The Carroll County defendants are directed to provide the information specified above to the plaintiff by March 1, 2007. This information includes a date upon which he can expect to receive the video-tape being reproduced by a third-party.** The motion for an emergency evidentiary hearing (Doc. 97) is denied.

IT IS SO ORDERED this 7th day of February 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE