IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS                                                                                                    PLAINTIFF

v.                                    Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
MARK LOTTA; DR. THERESA FARROW;
DR. DONALD CLAY; SHELIA M.
HOWERTON; and REGINA FOX JEFFREY                                              DEFENDANTS

## O R D E R

Currently before the court are the following motions: (1) the plaintiff's motion to amend or correct his complaint (Doc. 111); (2) the plaintiff's motion for default judgment (Doc. 115); (3) the plaintiff's motion for change of venue (Doc. 115); (4) the plaintiff's motion for recusal (Doc. 115); (5) the defendants' motion for leave to file an amended answer (Doc. 117); (6) the plaintiff's motion to compel (Doc. 121); and (7) the plaintiff's motion to compel (Doc. 122).

Plaintiff has filed a motion for leave to amend his complaint (Doc. 111). He maintains the court erred (Doc. 81) when it denied his previous motion to add as defendants every individual officer, jailor, matron, dispatcher, and investigator who was employed by the Carroll County Sheriff's Department between January 1, 2003, and September 30, 2005. Plaintiff asserts that at page 9 of document #20 he named as defendants "every other officer employed by the Carroll County Jail–including dispatchers and matrons."

Document #20 is a motion to amend the complaint filed on April 5, 2006. The motion was ruled on by order entered on June 20, 2006 (Doc. 23). The court in the same order ruled on

-1-

four of plaintiff's motions to amend his complaint. The court allowed the plaintiff to amend his complaint in the following ways: (1) plaintiff was allowed to amend his request for relief to reflect that he was seeking $30 million in damages; (2) plaintiff was allowed to add Dr. Donald Clay, Dr. Theresa Farrow, and Shelia Howerton as defendants; and (3) the allegations raised in the motions (Docs. 12, 16, 17, and 20) were added to the complaint. The court did not permit the plaintiff to add as defendants all employees of the Carroll County Sheriff's Department during the time frame specified.

In the current motion (Doc. 111), plaintiffs asks the court to add the following individual as defendants: David Henderson; Portia (Stine) Hill; Amanda Lake; Kim Marshall; Robert McGee; Walt Nofstger; Debbie Price; Jodi Suchland; Randy Trumbley; Lrae Wintercorn; Jack Gentry; Brenden Lewis; Amber Norris; Branden Ruly; Daysha Vaugn; Sam Dunham; Tim Smith; Misty Ruyle; Verlin Griggs; Amanda Macias; Denise McNeill; Shannon Parker; Kenneth Peevy; Jeremy Pannell; Alan Hoos; Desiree Noftsger; Sam Dunham; Jade Clark; Debbie Samac; Erin Sharp; and Arthur Miller. Plaintiff also asks the court to order an immediate investigation of the acts of corruption and crimes against humanity of the Sheriff of Carroll County and his agents and "underlings."

The motion to amend the complaint (Doc. 111) is denied for a number of reasons. First, plaintiff has already named as defendants multiple individuals who he contends have violated his constitutional rights. The named defendants include Sheriff Medford who plaintiff seeks to hold liable on a number of theories including his failure to train and properly staff the detention center. Plaintiff cannot utilize a shot gun approach and name every individual employed at the facility. Second, this court's involvement is limited to determining issues in this civil rights case.

Plaintiff can contact the appropriate agencies if he believes one or more of the defendants should be investigated by a licensing agency or other agency.

Next, plaintiff has filed a motion for default judgment, a motion for change of venue, and a motion asking that the undersigned recuse (Doc. 115). Plaintiff contends that the defendants have repeatedly failed to provide discovery in a timely manner and have sought numerous extensions of time from the court after failing to comply in a timely manner. Plaintiff objects to the court failing to award him sanctions. Plaintiff suggests this court's rulings have favored the defendants.

The plaintiff's motion (Doc. 115) is denied. The court will address the discovery issues in ruling on the motions to compel. With respect to the motion for change of venue and for recusal, plaintiff's motion is based on his belief that the undersigned's rulings have been adverse to him and demonstrate partiality or bias. There is simply no basis on which to grant such a motion. *See e.g., Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005)("Adverse judicial rulings, however, 'almost never' constitute a valid basis for recusal; the proper recourse for a dissatisfied litigant is appeal"); *Lefkowitz v. City-Equity Group, Inc.*, 146 F.3d 609, 611-12 (8th Cir. 1998)(adverse rulings alone are not grounds for bias or partiality motion).

On April 12, 2007, the Carroll County Defendants filed a motion to amend their answer (Doc. 117). They seek to amend the answer to assert the affirmative defense of offset. The motion to amend is granted.

On April 23, 2007, the plaintiff filed a motion to compel and motion for sanctions (Doc. 121). Plaintiff maintains the defendants have failed to produce the documents sought in request for production set number 4 that was propounded on February 13, 2007. Plaintiff indicates he has been requesting the medical records since October of 2006. Plaintiff indicates the requested

AO72A
(Rev. 8/82)

documents include medical documents, video tapes, still photographs, records of meals served, vehicle logs, jail registry, the visitor's log. Plaintiff asks for an award of sanctions in the amount of $1,000 per day for each day the defendants are non-compliant.

On April 24, 2007, plaintiff filed another motion to compel and motion for sanctions (Doc. 122). The motion itself appears identical to the motion filed on April 23rd (Doc. 121). Attached to the motion is an affidavit of probable cause.

On May 2, 2007, the Carroll County Defendants responded (Doc. 123) to the motions to compel. They state they have provided the plaintiff with the following: (1) on April 9, 2007, three boxes containing jail logs at an expense of over $1,400; (2) on April 12, 2007, their responses to the fourth set of requests for the production of documents; (3) on April 24, 2007, a box containing 38 VHS tapes; and (4) the medical records in their possession and on April 25, 2007, the medical records obtained from Shelia Howerton of Hometown Health Care. The defendants states they have been inundated with numerous discovery requests from the plaintiff and have made every attempt to fully respond to his requests. However, if the court deems their responses insufficient in anyway, defendants indicate they stand ready to provide additional information to the plaintiff, if any exists, at the direction of the court.

The motions to compel and requests for sanctions (Doc. 121 & Doc. 122) are denied. It appears from the defendants have responded to the discovery requests. *See* (Doc. 123).

The plaintiff's motions do not identify specific deficiencies in the defendants' response. If plaintiff believes a specific response made by the defendants is deficient, he should so indicate to the court by identifying the specific request for production at issue (not just the set of requests for production) and state why he believes defendants' response is deficient.

In the current motions to compel, plaintiff merely asks the court to compel the defendants to produce the materials sought in set four of his requests for production of documents and tangible items. This set contains five separate requests for the production of documents or other tangible items. Each request seeks the production of documents covering the time span between January of 2003 and September of 2005. Several of the requests are extremely broad in scope.

It is clear from the defendants' response to the motion to compel (Doc. 123) that the plaintiff has been furnished with documents and other tangible items that are responsive to these requests. In view of the sheer volume of materials produced and the fact that much of it had to be duplicated or copied by third parties, the court declines to award sanctions. Moreover, the court notes that the defendants sought and were granted extensions of time to produce various items responsive to this set of requests for documents. *See e.g.,* (Doc. 109 & Doc. 114).

IT IS SO ORDERED this 4th day of May 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE