IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS                                                                          PLAINTIFF

        v.                              Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
MARK LOTTA; DR. THERESA FARROW;
DR. DONALD CLAY; SHELIA M.
HOWERTON; and REGINA FOX JEFFREY                                         DEFENDANTS

## O R D E R

        Currently before the court are the following motions:  (1) the plaintiff's motion for

appointment of counsel (Doc. 124); (2) the plaintiff's motion to compel (Doc. 124); (3) the

plaintiff's motion for an order allowing him to enter land to take video or still photographs (Doc.

126); (4) the defendants' motion for an extension of time (Doc. 129); (5) the plaintiff's motion

for reconsideration (Doc. 130); (6) the plaintiff's motion for an order for federal intervention and

assistance from the United States Department of Justice (Doc. 131); and (7) the plaintiff's

motion to reconsider (Doc. 133).

### The Motion for Appointment of Counsel (Doc. 124)

        In his motion, plaintiff asserts that he must be appointed counsel because there are

thousands of more documents that need to be examined, hundreds of victims that need to be

interviewed, and witnesses that need to be contacted.  Plaintiff asserts the issues are extremely

complex and expert testimony will be needed.  Plaintiff maintains he simply cannot do this on

his own.  Plaintiff urges the court to appoint counsel to investigate the hundreds of crimes that

have occurred, the abuse of office, the corruption, and the other human rights violations.

-1-

In deciding whether to appoint counsel under 28 U.S.C. § 1915(e)(1) the court considers "the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" *Edgington v. Missouri Dept. of Corrections*, 52 F.3d 777, 780 (8th Cir. 1995)(*quoting, Nachtigall v. Class*, 48 F.3d 1076, 1081 (8th Cir. 1995)). *See also Stevens v. Redwing*, 146 F.3d 538, 547 (8th Cir. 1998); *Bumgarner v. Malin*, 97 F.3d 1456 (8th Cir. 1996); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, a review of the file demonstrates the plaintiff has been able to successfully engage in discovery, has filed several motions to compel when he felt that defendants were less than forthcoming in their responses, and he has filed numerous other pleadings seeking a variety of measures from the court.  Plaintiffs documents have included citation to the applicable rules. It is clear to the court that the plaintiff has been able to adequately investigate his case and the court believes he will be able to prepare his case and present his claims at an evidentiary hearing. The motion for appointment of counsel (Doc. 124) is denied.

**The Motion to Compel (Doc. 124)**

Plaintiff has moved to compel the production of every video tape, audio tape, digital exposure or other picture of the plaintiff between January 2003 and September of 2005.  Plaintiff maintains this includes video of the plaintiff "during which he was restrained in excess of (300) three hundred hours in the emergency restraint chair including still pictures." Plaintiff maintains the defendants have refused to produce these documents and other tangible items.

The Carroll County Defendants responded to the motion to compel on May 23, 2007 (Doc. 132).  They note that on April 11, 2007, plaintiff and the court were advised that counsel had received ninety-four video cassettee tapes from the defendants purportedly containing

-2-

footage of the Carroll County Detention Center during plaintiff's incarceration from January 2003 through September 2005. Counsel states he reviewed each of the video cassette tapes to ensure each contained actual footage.

Counsel asserts that only thirty-eight of the tapes contain actual footage of any kind. Counsel states that fifty-five tapes do not contain any footage of any kind. One video cassette tape is broken and it cannot be determine if the tape contains any footage. Defendants indicate that they do not intend to copy the fifty-five tapes that do not contain footage. However, with the court's permission defendants state the will make all tapes available so that it can be confirmed that fifty-five contain no footage and one is broken.

Defendants assert that on April 24th, the thirty-eight tapes were shipped to plaintiff. Defendants ask that the motion to compel be denied.

The motion to compel (Doc. 124) is denied. The court will not make the defendants copy and produce for the plaintiff fifty-five blank video tapes. Counsel for the defendants has represented as an officer of the court that these video tapes contain no footage. In the event an evidentiary hearing is scheduled, defendants will be directed to bring all ninety-four video tapes to the court with them.

**The Motion for an Order to Enter Land for the Purposes of Taking Video or Still Phohotographs (Doc. 126)**

Plaintiff asks the court to assist him in entering the land located at 210 West Church Street, Berryville, Arkansas, formerly known as the Carroll County Jail, for the purposes of taking video and certain still photographs of the jail. Plaintiff asks that he be brought to the former jail so that he be able to personally direct all video taping and still photography. He maintains the tapes and photographs will be of immeasurable assistance to the court.

-3-

The motion (Doc. 126) is denied.  However, **the Carroll County defendants are directed to provide the plaintiff with any existing diagram showing the floor plan of the jail that was located at 210 West Church Street.**  Plaintiff should be provided with the diagram by June 29, 2007.  The court notes the plaintiff has already been furnished with thirty-eight video tapes allegedly depicting the inside of the jail that may be utilized at any hearing.

### The Motion for an Extension of Time (Doc. 129)

The Carroll County Defendants filed a motion (Doc. 129) seeking up to and including May 23, 2007, to respond to plaintiff's motion for appointment of counsel, motion to compel, and motion for summary judgment.  The motion for an extension of time (Doc. 129) is granted. The response filed on May 23, 2007 (Doc. 132), will be considered to have been timely filed.

### The Motion for Reconsideration (Doc. 130)

Plaintiff moves for reconsideration of the court's order denying his motion to recuse and his motion for a change of venue.  The motion to reconsider consists of documents in support of his motion to recuse or alternative motion for change of venue.

The motion to reconsider (Doc. 130) is denied.  As set forth in the court's May 4th order (Doc. 125), there is simply no basis for the undersigned to recuse or for a change of venue.

### The Motion for an Order for Federal Intervention and Assistance from the United States Department of Justice (Doc. 131)

Plaintiff asks the court to order the United States Department of Justice to immediately initiate an investigation into the numerous crimes and blatant corruption committed by the Carroll County Sheriff's Department, former Sheriff C.E. "Chuck" Medford, and others including the named defendants.

-4-

Defendants filed a response to the motion on June 4, 2007 (Doc. 134).  Defendants contend the documents submitted by the plaintiff have been altered by the plaintiff, "making the same to appear to show information which is, in fact, not a part of the documents."  Defendants maintain these entries are prejudicial and are based on speculation by the plaintiff.  Further defendants maintain the documents do not support the legal conclusions drawn by the plaintiff and are not evidence that defendants committed any crimes.

Plaintiff's motion is denied (Doc. 131).  This is a civil rights case in which the plaintiff contends his federal constitutional rights were violated.  It is not this court's role to investigate crimes.

**The Motion for Reconsideration (Doc. 133)**

Plaintiff moves for reconsideration of the court's order of May 4, 2007 (Doc. 125), denying his motion to compel and his request for sanctions against the defendants.  Plaintiff indicates he has requested all medical records related to, or generated by, the plaintiff, during his incarceration, at the Carroll County Detention Center between January of 2003 and September of 2005.  Despite this request, plaintiff asserts that the defendants have not produced the following medical records:  (1) the records from Dr. Ramone Castillo, Harrison Medical Clinic, for care received during his incarceration; (2) Dr. Jimmy Justice; or (3) Springdale Memorial Hospital.  Plaintiff states this is true despite the fact that he had to sign a medical release authorizing defendants to obtain his records from the hospital.

The motion to compel and motion for sanctions (Doc. 133) is denied.  Defendants have indicated they have provided the plaintiff with all medical records in their possession.  The proper way to obtain medical records in the possession of third parties is by requesting the issuance of subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure.  Plaintiff is

-5-

directed to file a motion requesting the issuance of Rule 45 subpoenas and provide the court with

the following information in the motion:  (1) the name of the doctor providing treatment; (2) the

address or clinic name, city, and state; and (3) the approximate dates of treatment.

IT IS SO ORDERED this 13th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)