IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS                                                                                    PLAINTIFF

v.                                    Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
MARK LOTTA; DR. THERESA FARROW;
DR. DONALD CLAY; SHELIA M.
HOWERTON; and REGINA FOX JEFFREY                                                DEFENDANTS

**O R D E R**

Currently before the court are the following motions: (1) the plaintiff's motion requesting access to electronic filing (Doc. 135); (2) the motion for protective order filed by the Carroll County Defendants (Doc. 138 and supplement Doc. 145); (3) the plaintiff's motion to compel (Doc. 143); (4) the plaintiff's motion to compel (Doc. 144); and (5) the plaintiff's motion for an extension of time to respond to the summary judgment questionnaires propounded by the court (Doc. 148).

**The Motion Requesting Electronic Access (Doc. 135)**

The plaintiff maintains it will serve judicial economy and expedite the proceedings if he is given access to the court's electronic filing system CM/ECF. He also maintains it will enable all parties to have equal and unbiased access to the court. He suggests this access will reduce the appearance of partiality towards the defendants.

Plaintiff states he also needs to examine documents submitted by the defendants to ensure that there have been no alterations to the documents. He asks that he be allowed to investigate any inconsistences between the documents submitted to the court and those provided to him.

-1-

Finally, he maintains defendants have submitted documents to the court that are inconsistent with the rules regarding electronic filing.

This court implemented the Case Management/Electronic Case File System (CM/ECF) effective August 15, 2005. General Order 36 approved the CM/ECF Policies and Procedures Manual for Civil Filings (the Manual). Under the Manual only attorneys may become registered filing users of the CM/ECF system. *Manual,* Sec. II. Pro se individuals desiring to file materials "shall file paper original of pleadings with the Clerk's office. The Clerk's office will scan these original documents into an electronic file [and] upload them in the System." *Manual*, Sec. IV. The motion for electronic access (Doc. 135) is denied.

**The Motion for Protective Order and Supplement (Doc. 138 and 145)**

The Carroll County Defendants state that since this court has enforced the limit set by the Federal Rules of Civil Procedure on the number of interrogatories the plaintiff may propound the plaintiff has submitted 267 requests for the production of documents and 361 requests for admission. Defendants assert the plaintiff has annoyed, burdened, and harassed the defendants and their counsel with his repetitive requests, allegations, correspondence, and pleadings. Defendants' motion contains a recitation of just a few of the personal attacks plaintiff has made against the defendants and their counsel in various documents and correspondence including accusing defense counsel of lying and engaging in unprofessional conduct.

Defendants ask the court to enter an order directing the plaintiff to stop annoying, unduly burdening, and harassing the defendants with irrelevant and repetitive requests and correspondence and that verbal attacks on the character of the defendants and their counsel stop. Defendants also ask that the court order that discovery cease or that discovery be limited in scope

and a time frame be established by which discovery must end. Alternatively, defendants ask that the matter be scheduled for an evidentiary hearing.

In his response to the motion (Doc. 149), plaintiff asserts the defendants have been fraudulent, evasive, misleading and deceptive and uncooperative in their discovery responses. He indicates the discovery requests will in fact lead to discoverable material.

He maintains defendants' counsel is engaged in a conspiracy to cover up crimes that reaches into high levels of government. Plaintiff asserts he is unsatisfied with the "sorry, lame and unprofessional conduct of defense counsel–ashamed in fact." He also asserts this court has shown bias towards him and has failed in its obligation and responsibility to investigate allegations of cruel and unusual punishment. He suggests the judges assigned to this case will not be the first or the last judges to be removed from office.

The Federal Rules of Civil Procedure provide for liberal discovery. Fed. R. Civ. P. 26(b)(1). *See also Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Specifically, Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party."

Discovery, however, is not without limit. For example, Rule 33 limits the number of interrogatories served on any party to twenty-five in number including all discrete sub-parts. Fed. R. Civ. P. 33(a). The court may also limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. The court may act upon its own initiative after reasonable notice or pursuant to a motion under Rule 26(c).

AO72A
(Rev. 8/82)

Fed. R. Civ. P. 26(B)(2)(C).

When a party objects to the opposing party's manner of conducting discovery the proper remedy is to seek a protective order. *See e.g., Thomas v. Tenneco Packaging Co., Inc.*, 293 F.3d 1306, 1325 (11th Cir. 2002). Federal Rule of Civil Procedure 26(c) provides as follows:

> Upon motion by a party or by the person from whom discovery is sought, . . . for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> (1) that the disclosure or discovery not be had;
>
> (2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;
>
> (3) that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery;
>
> (4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters;
>
> * * *

Fed. R. Civ. P. 26(c).

The burden of establishing good cause for a protective order rests on the movant. *See e.g., General Dynamics Corp. v. Selb Mfg. Co.,* 481 F.2d 1204, 1212 (8th Cir. 1973). This burden requires a particular and specific demonstration of fact; conclusory statements are not sufficient. *Foltz v. State Farm Mutual Auto Ins. Co.,* 331 F.3d 1122, 1130 (9th Cir. 2003); *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978).

A careful review of not only the motion for protective order but of the various documents filed in this case including the exhibits attached thereto, indicates the plaintiff has filed voluminous discovery requests many of which appear to be repetitive. His correspondence with

defense counsel indicates he has consistently displayed what can at best be described as a hostile and abrasive attitude toward counsel including engaging in personal attacks on the integrity of defense counsel.

Plaintiff has made, and continues to make, disrespectful statements towards defendants, defendants' counsel, and this court in various pleadings filed with this court and in letters submitted to the court and defendants' counsel. Plaintiff is advised that the court expects all parties appearing before the court to be respectful of each other and of the court. Plaintiff is cautioned that offensive words and utterances serve no purpose and only cause delay in these proceedings.

The motion for protective order (Doc. 138 & 145) is granted in part. Specifically, it is granted in the following respects: (1) Plaintiff is directed avoid referring to defendants, defendants' or the court as criminals, or liars, or other similar disrespectful terminology; and (2) No further discovery will be propounded by any party in this case.

**The Motion to Compel (Doc. 143)**

Plaintiff asks the court to order the Carroll County Defendants to respond to requests for admission he propounded on May 7, 2007. He maintains the defendants have failed to respond in the thirty days allowed by the rules.

The Carroll County Defendants filed a response to the motion to compel on June 25, 2007 (Doc. 146). In their response, they note they received the ninety-four requests for admission on May 11th. They state they put their responses in the mail to the plaintiff on June 7th. Defendants have attached to their response a copy of their cover letter (dated June 6th) to

the plaintiff and their responses to the requests for admission (certificate of service dated June 6th).

The motion to compel (Doc. 143) is therefore denied as moot.

**The Motion to Compel (Doc. 144)**

In his motion to compel, plaintiff indicates that on April 30, 2007, he propounded a request for production to the defendants that included a request for the plans and/or blueprints to the physical structure located at 210 W. Church Street, Berryville, Arkansas, formerly the Carroll County Jail. Plaintiff maintains it is necessary that he have this information regarding the location of cells, room, and other areas in the jail as well as dimensions, etc., to support his claims.

The Carroll County Defendants filed a response to the motion on June 25, 2007 (Doc. 147). They note that on March 29, 2007, they received the following request for production:

> Request for Production No. 1: Produce the blueprints of the facility located at 210 W. Church Street, Berryville, Arkansas or alternatively provide the precise measurements of A. The single man cell located on "J" block, B. The single man cell located on "M" block, C. The double man cell located on "M" block, D. The room commonly referred to as "J" block recreation area, E. The observation cell, F. The "M" Block recreation area, G. The booking area, H. The dispatch area–the plans and/or blueprints are desired.

On or about April 27, 2007, the Carroll County Defendants state they provided the plaintiff with the following response:

> Response: See attached not-to-scale drawing the measurements of the J-Block one man cell, the dispatch area, the M-Block one man cell, the J-Block recreation area, the observation cell, the M-Block two man cell, the M-Block recreation area, and the booking area.

-6-

Attached as exhibits to the defendants' response is the defendants' cover letter dated April 27, 2007, forwarding the responses to requests for production to the plaintiff and the discovery responses. The drawing referenced is attached to the responses and contains the measurements of each area. The motion to compel (144) is therefore denied as moot.

**The Motion for an Extension of Time (Doc. 148)**

Plaintiff has filed a motion seeking additional time to respond to the summary judgment questionnaire sent by the court to assist him in responding to the Carroll County Defendants' summary judgment motion. He maintains he did not receive with the defendants' summary judgment motions the exhibits.

The motion for an extension of time (Doc. 148) is granted. Plaintiff is given until **August 17, 2007,** to respond to the summary judgment questionnaire (Doc. 142). **The Carroll County Defendants are directed to provide the plaintiff with a copy of the exhibits they submitted with their motion for summary judgment (Doc. 89). Plaintiff should be provided with these exhibits by July 6, 2007.**

IT IS SO ORDERED this 28th day of June 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)