IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS　　　　　　　　　　　　　　　　　　　　　　　　　　PLAINTIFF

v.　　　　　　　Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
MARK LOTTA; DR. THERESA FARROW;
DR. DONALD CLAY; SHELIA M.
HOWERTON; and REGINA FOX JEFFREY　　　　　　　　　　　　　　　　DEFENDANTS

**O R D E R**

Currently before the court are the following motions: (1) the plaintiff's motion for summary judgment (Doc. 152); (2) the plaintiff's motion for relief (Doc. 166); (3) the plaintiff's motion for order for judicial notice (Doc. 171); and (4) the plaintiff's motion to compel (Doc. 175).

*The Motion for Summary Judgment (Doc. 152)*

Plaintiff has filed a motion for summary judgment (Doc. 152). As noted in the reports and recommendations (Doc. 156 & Doc. 157) issued in connection with the summary judgment motions filed by the defendants, there are genuine issues of material fact that require an evidentiary hearing in this case. This case has been scheduled for an evidentiary hearing on March 5, 2008. The summary judgment motion (Doc. 152) is therefore moot.

*The Motion for Relief (Doc. 166)*

In the motion for relief (Doc. 166), plaintiff maintains he is currently illegally incarcerated at the Arkansas Department of Correction (ADC). He asserts he is in possession

-1-

of thirty-eight video tapes produced during discovery in this case. He indicates each tape contains twenty-four hours of video. Plaintiff contends he needs to have time to view and screen tapes otherwise the court will be compelled to endure 900 plus hours of video if he is not allowed "to view and edit these tapes."

Plaintiff maintains he has been prevented by the administrative staff from viewing these tapes. Without court intervention, plaintiff maintains he will not be allowed to view these tapes.

Plaintiff also states it is imperative that he be allowed access to a Physician's Desk Reference (PDR). Plaintiff asks that a medical expert be appointed to assist him in discovery. Plaintiff requests the appointment of counsel to assist him prior to the evidentiary hearing. He also asks for the appointment of federal investigators.

The motion for relief (Doc. 166) is granted in part and denied in part. By separate order (Doc. 172) entered on January 3, 2008, the court has appointed Mr. Steve Davis for the sole purpose of reviewing and reporting to the court on the contents of the thirty-eight video tapes produced by the defendants during discovery in this matter. Defendants were also ordered to provide Mr. Davis with the manual for the emergency response chair or restraint chair and a picture or pictures of the Mr. Griffis (Doc. 173). Finally, Warden Lay, Arkansas Department of Correction, Cummins Unit, was directed to send the thirty-eight video tapes then in Mr. Griffis property at the Cummins Unit to Mr. Davis by federal express so that Mr. Davis could begin as quickly as possible the process of reviewing the video tapes (Doc. 174).

### *Motion for Order of Judicial Notice (Doc. 171)*

In his motion for an order of judicial notice (Doc. 171), plaintiff asks that the court take judicial notice of a number of documents that he maintains are "indisputedly genuine" and that in his opinion clearly evidence the barbaric conditions of which he complains. He attaches to

his motion pages from the Carroll County Sheriff's Department jail log, jail report, suicide watch log, jail shift change briefing, record of meals served, record of items dispensed including medication, pen, paper, envelopes, request forms, etc., medical watch log, inmate classification headcount, a diagram of the jail, and shift change checklist for central control.

Under Rule 201 of the Federal Rules of Evidence a court may take judicial notice of a fact not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. In this case, plaintiff is asking the court to take judicial notice of multiple documents containing many facts that are no longer relevant to the issues remaining in this lawsuit. Defendants were granted summary judgment on the plaintiff's claim that he was subjected to unconstitutional conditions of confinement and his claim that he was denied medical care. The claims that remain for hearing are plaintiff's claim that he was denied due process when he was placed on lock-down and placed in an "emergency response chair" or restraint chair. The motion for judicial notice (Doc. 171) is denied.

### *The Motion to Compel (Doc. 175)*

Finally, in his motion to compel (Doc. 175), plaintiff again asks the court to enter an order allowing him to review the video tapes prior to the scheduled evidentiary hearing. He also asks that he be allowed to take defendants' depositions and access appropriate medical information. As with the motion for relief, the motion to compel is granted in part and denied in part. The motion is granted to the extent the court has appointed Mr. Davis to review the thirty-eight video tapes in question. Given the constraints placed on plaintiff by virtue of his incarceration and his repeated requests for the court to appoint an independent person to review,

among other things, the tapes, the court believes the appointment of Mr. Davis will serve the best interests of the plaintiff and the interests of justice.

In all other respects, plaintiff's motion is denied. The parties have had ample opportunity to conduct discovery by means of interrogatories and requests for the production of documents. Hundreds of pages of documents have been produced for the plaintiff's inspection and he has propounded interrogatories to the defendants.

IT IS SO ORDERED this 9th day of January 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)