IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MICHAEL S. GRIFFIS                                                                                      PLAINTIFF

         v.                                    Civil No. 05-3040

SHERIFF CHUCK MEDFORD;
LT. BETH REELY; JIMMY
KEELAND; MICHAEL BROWN;
PETE MOSS; JACK GENTRY;
MARK LOTTA; and REGINA FOX JEFFREY                                      DEFENDANTS

## ORDER

On February 1, 2008, plaintiff filed his prehearing information sheet (Doc. 180). By order entered on September 20, 2007, defendants were granted summary judgment on plaintiff's claim that he was subjected to unconstitutional conditions of confinement while detained at the Carroll County Detention Center and denied adequate medical care (Doc. 161). By notice entered on September 24, 2007 (Doc. 163), a hearing was scheduled on plaintiff's remaining claims that he was denied due process when he was placed on lock-down and when he was placed in an emergency response chair or restraint chair.

In his prehearing information sheet (Doc. 180), plaintiff has listed seventy-one witnesses. From his brief description of the testimony of these witnesses, it is clear that many of these witnesses he is asking the court to issue subpoenas or writs for are being called for the purpose of testifying about the conditions under which he was confined at the detention center or what he perceived as inadequate medical care. These issues are no longer relevant to this case.

Plaintiff is directed to file an amended prehearing information sheet by **no later than February 13, 2008. On the amended sheet, plaintiff should list only those witnesses who will offer testimony on his remaining claims that he was denied due process when he was placed**

**on lock-down, when he was placed in an emergency response chair or restraint chair, and the length of time he remained on lock-down, or in the restraint chair. If plaintiff fails to state exactly how the proposed testimony of the witness will be relevant to the remaining issues in this case, no subpoena or writ will be issued for the witness.**

Testimony regarding the general conditions of the detention center is not relevant and will not be allowed. Similarly general testimony regarding medical care offered to detainees or plaintiff in particular is not relevant and will not be allowed.

IT IS SO ORDERED this 5th day of February 2008.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE